IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUBREY LEE MAYES | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: _1:14-cv-355_ |
| | § | |
| ONEBEACON AMERICA INSURANCE | § | |
| COMPANY, KUNKEL & ASSOCIATES, | § | |
| INC., ATLANTIC SPECIALTY | § | |
| INSURANCE COMPANY, BRENTWOOD | § | |
| SERVICES ADMINISTRATORS, INC. | § | |
| AND LESSLEY SERVICES, LLC | § | |
| | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL

Defendants OneBeacon America Insurance Company and Brentwood Services Administrators, Inc. notice the removal of this suit from the 277th District Court of Williamson County, Texas to the United States District Court for the Western District of Texas, Austin Division.

### I.   SUMMARY AND ALLEGATIONS IN THE PLEADINGS

1.      On March 21, 2014, Plaintiff Aubrey Lee Mayes filed the lawsuit styled Cause No. 14-0258-C277; *Aubrey Lee Mayes vs. OneBeacon America Insurance Company et al*; In the 277th Judicial District Court of Williamson County, Texas.

2.      The United States District Courts have jurisdiction over this cause because there is diversity of citizenship between the parties. 28 U.S.C. § 1332.

3.      This is a breach of contract case arising from the denial of coverage under an insurance policy.

4.     Plaintiff alleges he got into a car wreck in the course and scope of his employment for Boggy Creek Transportation.  He further alleges that Lessley Services LLC hired Boggy Creek to transport cargo and that Lessley required Boggy Creek's drivers to be insured.  Plaintiff states he obtained truckers occupational accident insurance from OneBeacon and/or Atlantic Specialty Insurance Company and that Kunkel & Associates and Brentwood Services Administrators, Inc. were the administrators of the insurance policies.

5.     After the wreck, Plaintiff alleges he submitted a claim to OneBeacon and/or Atlantic under the policies.  Plaintiff states OneBeacon and/or Atlantic denied Plaintiff's claim.

6.     Plaintiff asserts causes of action for breach of contract, breach of warranty, breach of fiduciary duty, breach of insurer's duty of good faith and fair dealing, violations of the Texas Insurance Code, fraud by nondisclosure, fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel.

7.     There is diversity of citizenship between the parties.

8.     Consequently, this cause must be removed to the United States District Courts for the Western District of Texas.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

9.     Plaintiff's Original Petition was filed on March 21, 2014.  Defendant Onebeacon was served with the Petition on March 31, 2014.  Defendant Brentwood was served on April 1, 2014.  Therefore, this Notice of Removal is timely filed, under 28 U.S.C. § 1446(b), within thirty days of receipt of the initial pleading setting forth a claim for relief.  *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1328-29 (1999).

10.     The state court has not signed any orders in this case.

11.    Pursuant to Local Rule 81 and 28 U.S.C. §1446(a), Defendant has attached the following documents:

(1)    an index of matters being filed, attached as Exhibit "1";

(2)    all pleadings asserting causes of action, along with all other documents included in the state court file, attached as Exhibit "2";

(3)    a list of all counsel of record, including addresses, telephone numbers, and parties represented, attached as Exhibit "3"; and

(4)    state court docket sheet, attached as Exhibit "4."

12.    No executed processes have been filed with the Williamson County District Clerk, and no docket control order has been issued as of the date of this filing.

13.    Under 28 U.S.C. §1442(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

14.    Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).  The removing parties will also promptly file a copy of this Notice of Removal with the Clerk of the 277th Judicial Court of Williamson County, Texas, where the action is currently pending, also pursuant to §1446(d).

### III.    BASIS FOR REMOVAL

15.    Defendants would show as the basis for removal diversity jurisdiction under 28 U.S.C. § 1332.

16.    Plaintiff is a Texas citizen.  *See* Petition at ¶ 1.  Defendants OneBeacon America Insurance Company, Brentwood Services Administrators, Inc. Kunkel & Associates, Inc. and Atlantic Specialty Insurance Company, are not incorporated in Texas, nor do they maintain their principal places of business in Texas.

17.     OneBeacon is a Massachusetts company that maintains its principal place of business in Minnesota.

18.     Brentwood is a Tennessee company that maintains its principal place of business in Tennessee.

19.     Kunkel & Associates is a Wisconsin company that maintains its principal place of business in Iowa.

20.     Atlantic Specialty is a New York company that maintains its principal place of business in Minnesota.

21.     Defendant Lessley Services, LLC is a Texas limited liability company.  However, Lessley was fraudulently joined to attempt to defeat diversity jurisdiction.  "The fraudulent joinder doctrine ensures the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.*   The test for improper joinder is "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).   The "any possibility" test requires that there must at least be arguably a *reasonable basis* for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder."  *Badon v. RJR Nabisco, Inc.* 236 F.3d 282, 286 n.4 (5th Cir. 2002) (emphasis in original).

22.     Lessley Services, the only non-diverse defendant, is alleged to have hired Plaintiff's employer (Boggy Creek) to transport cargo.  Plaintiff alleges that Lessley Services requires the drivers of companies it hires to carry certain insurance.  Plaintiff alleges that OneBeacon and Atlantic Specialty issued an insurance policy to Plaintiff and subsequently denied his claim for coverage under the policies.  Plaintiff contends Lessley Services "materially breached the [insurance] contract when plaintiff was denied coverage for his claim arising from his July 31, 2013 accident."  Plaintiff contends Lessley Services breached fiduciary duties to him "when plaintiff was denied coverage . . . ."  Plaintiff also appears to assert fraud, negligent misrepresentation, and promissory estoppel claims against Plaintiff, although the claims are directed against "Defendants," rather than a specific Defendant.  The fraud-based claims allege that the "Defendants" misrepresented to Plaintiff the available coverage under the insurance policies.

23.     Lessley Services is a petroleum transport company that services Texas, Oklahoma, and Utah.  Lessley Services did not issue the insurance policies to Plaintiff.  There is no contract between Plaintiff and Lessley Services. Lessley Services did not deny the Plaintiff's claim.  Plaintiff has no reasonable basis for his stated claims against Lessley.  Lessley was fraudulently joined to attempt to defeat diversity jurisdiction.

24.     Accordingly, there is diversity of citizenship between the parties.

25.     The amount in controversy in this case exceeds $75,000.  Plaintiff's pleading states that he seeks damages over $1,000,000.  *See* Petition at 3.

## IV.     <u>CONSENT TO REMOVAL</u>

26.     Defendants Kunkel & Associates, Inc. and Lessley Services, LLC consent to removal.  *See* Exhibit 5. Defendants Atlantic Specialty Insurance Company has not been served

with process.  As such, it may consent to this removal within 30 days from being served with process.  *See* 28 U.S.C. § 1446(b)(2)(C).

## PRAYER

Based on the foregoing, Defendants OneBeacon America Insurance Company and Brentwood Services Administrators, Inc. pray that this case be removed to the United States District Courts for the Western District of Texas, and for all other relief to which it may be entitled.

Respectfully submitted,

GORDON & REES LLP

By:    /s/ Barry G. Flynn
                Barry G. Flynn
                Texas Bar No. 07196560
                Federal Bar No. 3618
                bflynn@gordonrees.com
                1900 West Loop South, Suite 1000
                Houston, TX  77027
                713 (961-3366) (Telephone)
                713 (961-3938) (Facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANTS ONEBEACON AMERICA INSURANCE COMPANY AND BRENTWOOD SERVICES ADMINISTRATORS, INC.**

OF COUNSEL:

Christopher M. Raney
Gordon & Rees, LLP
Texas Bar No. 24051228
Federal Bar No. 609101
craney@gordonrees.com
1900 West Loop South, Suite 1000
Houston, TX  77027
713 (961-3366) (Telephone)
713 (961-3938) (Facsimile)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served upon the following, on this the **25** day of April, 2014.

Lynne Kurtz-Citrin                                           **By Fax: (512) 369-2091**
Texas Bar No. 24081425
7719 Wood Hollow Drive, Suite 200

Rick Oldenettelle                                            **By Fax: (713) 622-5161**
Oldenettel & McCabe
510 Bering Drive, Suite 675
Houston, TX 77057

By:   _/s/ Barry G. Flynn_
Barry G. Flynn