No. 14-0259-C277

| | | |
|---|---|---|
| AUBREY LEE MAYES<br>Plaintiff | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| ONEBEACON AMERICA<br>INSURANCE COMPANY,<br>KUNKEL & ASSOCIATES, INC.,<br>ATLANTIC SPECIALTY<br>INSURANCE COMPANY,<br>BRENTWOOD SERVICES<br>ADMINISTRATORS, INC. and<br>LESSLEY SERVICES LLC | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 277 JUDICIAL DISTRICT |
| Defendants | §<br>§ | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION<br>& REQUEST FOR DISCLOSURE

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

### B. Parties

2. Plaintiff, Aubrey Lee Mayes, an individual, is a resident of Williamson County, Texas.

3. Defendant OneBeacon America Insurance Company is an insurance company doing business and licensed to write insurance in Texas and may be served with process by serving its attorney for service, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136, Dallas County, Texas.

FILED
at _____ o'clock _____ M

MAR 21 2014

*Lisa David*
District Clerk, Williamson Co., TX.


EXHIBIT 2

4. Defendant, Kunkel & Associates, Inc., a foreign corporation organized and existing under the laws of the State of Wisconsin, whose principle office is located at 401 Data Court, Dubuque, IA 52003, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, Incorp Services, Inc., at 815 Brazos, Suite 500, Austin, Texas 78701, Travis County, Texas.

5. Defendant Atlantic Specialty Insurance Company is an insurance company doing business and licensed to write insurance in Texas and may be served with process by serving its attorney for service, Nicholas Peters, 7557 Rambler Road, Suite 1000, Dallas, TX 75231-2301, Dallas County, Texas.

6. Defendant, Brentwood Services Administrators, Inc., a foreign corporation organized and existing under the laws of the State of Tennessee, whose principle office is located at 104 Continental Place, Suite 200, Brentwood, TN 37027, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, Hector DeLeon, at 901 South Mopac, BOP V, Suite 230, Austin TX 78746, Travis County, Texas.

7. Defendant, Lessley Services LLC, a Texas corporation whose registered office is 910 East Palestine Avenue, Palestine, TX 75801, Anderson County, Texas, may be served with process by serving its registered agent for service of process, Vivian Lessley, at 104 North Thomas Road, White Oak, TX 75693, Gregg County, Texas.

### C. Jurisdiction

8. The court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimum jurisdictional requirements. Plaintiff seeks monetary relief over $1,000,000.

### D. Venue

9. Venue is proper in Williamson County because that was the location of Defendant's negligent acts and the resulting injuries that form the basis of this complaint. Thus, venue is proper in Williamson County, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1). Furthermore, under CPRC §15.032 suit on a health or accident insurance policy is proper in the County of the plaintiff's residence. Additionally, venue is proper in Williamson County under the Business and Commerce Code §17.56 because it is the county were the defendants solicited the transaction at issue.

### E. Count I - Breach of Contract

**Defendants OneBeacon America Insurance Company and Atlantic Specialty Insurance Company**

10. Plaintiff and defendant OneBeacon America Insurance Company and/or Atlantic Specialty Insurance Company executed a valid and enforceable written insurance policy for Truckers Occupational Accident Insurance, policy number 216-001-183. The contract provided, *inter alia*, that plaintiff was eligible for coverage as a full-time independent contractor of Lessley Services LLC.

11. Plaintiff timely paid the monthly premiums for policy number 216-001-183.

12. On July 31, 2013, the date of plaintiff's accident, Boggy Creek Transportation, Inc. was an independent contractor of defendant Lessley Services LLC.

13. On July 31, 2013, the date of plaintiff's accident, plaintiff was an employee of Boggy Creek Transportation, Inc.

14. On July 31, 2013, Plaintiff, a truck driver in the course and scope of his employment, was on his way to pick up a load for defendant Lessley Services, LLC. Plaintiff suffered injuries to his person when plaintiff's tractor-trailer was struck by another tractor-trailer.

15. Following the accident, plaintiff submitted an Occupational Accident claim under policy 216-001-183.

16. Defendant OneBeacon America Insurance Company and/or Atlantic Specialty Insurance Company materially breached the contract when Plaintiff was denied coverage for his claim arising from his July 31, 2013 accident.

17. Defendants' breach caused injury to plaintiff, which resulted in the following damages: loss of occupational accident benefits.

Defendants Kunkel & Associates, Inc. and Brentwood Services Administrators, Inc.

18. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

19. Defendant Kunkel & Associates, Inc. and/or Brentwood Services Administrators, Inc. administered the OneBeacon America Insurance Company Occupational Accident program for independent contractors of defendant Lessley Services LLC.

20. Defendant Kunkel & Associates, Inc. and/or Brentwood Services Administrators, Inc. determined that plaintiff was eligible for coverage under the OneBeacon America Insurance Company Truckers Occupational Accident Insurance policy as an independent contractor of defendant Lessley Services LLC.

21. Defendant Kunkel & Associates and/or Brentwood Services Administrators, Inc. materially breached the contract when plaintiff was denied coverage for his claim arising from his July 31, 2013 accident.

22. Defendants' breach caused injury to plaintiff, which resulted in the following damages: loss of occupational accident benefits.

### Defendant Lessley Services LLC

23. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

24. On July 31, 2013, plaintiff's employer, Boggy Creek Transportation, was an independent contractor of defendant Lessley Services LLC.

25. Defendant Lessley Services LLC required Boggy Creek Transportation and its employees to obtain a Truckers Occupational Accident Insurance policy through OneBeacon America Insurance Company in order to perform work for defendant Lessley Services LLC.

26. Defendants OneBeacon America Insurance Company, Kunkel & Associates, Inc., Atlantic Specialty Insurance Company and Brentwood Services Administrators, Inc. sold plaintiff his insurance policy 216-001-183 for the benefit of defendant Lessley Services LLC.

27. Defendant Lessley Services LLC materially breached the contract when plaintiff was denied coverage for his claim arising from his July 31, 2013 accident.

28. Defendant's breach caused injury to plaintiff, which resulted in the following damages: loss of occupational accident benefits.

### F. COUNT 2 – BREACH OF FIDUCIARY DUTY

### Defendant Lessley Services LLC

29. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

30. Defendant Lessley Services LLC owed a fiduciary duty to plaintiff. By requiring Plaintiff to purchase a disability policy through OneBeacon America Insurance Company, Lessley Services LLC acted as Plaintiff's agent.

31. Defendant Lessley Services LLC breached its fiduciary duty to plaintiff when plaintiff was denied coverage for his claim arising from his July 31, 2013 accident for the type of claim Lessley Services LLC required Plaintiff to carry.

32. Defendant's breach proximately caused injury to plaintiff, which resulted in the following damages: loss of occupational accident benefits.

### G. COUNT 3 – BREACH OF INSURER'S DUTY OF GOOD FAITH AND FAIR DEALING

**Defendants OneBeacon America Insurance Company and Atlantic Specialty Insurance Company**

33. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

34. The OneBeacon America Insurance Company Occupation Accident Insurance policy number 216-001-183 between defendants One Beacon America Insurance Company and Atlantic Specialty Insurance Company and plaintiff created a duty of good faith and fair dealing.

35. Plaintiff timely paid his monthly premiums for policy 216-001-183.

36. Defendants OneBeacon America Insurance Company and Atlantic Specialty Insurance Company breached their duty when they denied payment of plaintiff's claim and knew or should have known that coverage of the claim was reasonably clear.

37. Defendants' breach proximately caused injury to plaintiff, which resulted in the following damages: loss of occupational accident benefits.

## H. COUNT 4 – BREACH OF WARRANTY

38. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

39. Defendants sold plaintiff the Truckers Occupational Accident Insurance policy number 216-001-183. Plaintiff, as an employee of Boggy Creek Transportation, was required to obtain the policy in order to work as an independent contractor for defendant Lessley Services LLC.

40. Defendants affirmed and promised plaintiff that he was eligible for the policy as an independent contractor of defendant Lessley Services LLC. Plaintiff was described in the policy as a member of the "Eligible Classes" as an independent contractor of defendant Lessley Services LLC.

41. Defendants' representation to plaintiff that he was eligible for the policy was the basis for plaintiff's purchase of the policy.

42. Plaintiff timely paid his monthly premiums for policy 216-002-183.

43. Defendants breached the warranty when they determined that plaintiff was not covered under the policy as an independent contractor of defendant Lessley Services LLC and denied plaintiff coverage for his claim.

44. Plaintiff suffered injury as a result of the defendants' breach, which resulted in the following damages: loss of occupational accident benefits.

## I. COUNT 5 – DECEPTIVE INSURANCE PRACTICES

**Defendants OneBeacon America Insurance Company, Kunkel & Associates, Atlantic Specialty Insurance Company and Brentwood Services Administrators, Inc.**

45. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

46. Plaintiff, as the insured, is a "person" as defined by Texas Insurance Code 541.002(2).

47. Defendant OneBeacon America Insurance Company, as the insurance company that issued plaintiff policy number 216-001-183, is a "person" as defined by Texas Insurance Code 541.002(2)

48. Defendant Kunkel & Associates, as the administrator of the OneBeacon America Insurance Company Occupational Accident program for independent contractors of

defendant Lessley Services LLC., is a person as defined by Texas Insurance Code 541.002(2).

49. Defendant Atlantic Specialty Insurance Company, as the insurance company that issued plaintiff policy number 216-001-183, is a "person" as defined by Texas Insurance Code 541.002(2).

50. Defendant Brentwood Services Administrators, Inc., as the administrator of the Atlantic Specialty Insurance Company Occupational Accident program for independent contractors of defendant Lessley Services LLC., is a person as defined by Texas Insurance Code 541.002(2).

51. The aforementioned defendants engaged in an act or practice that violated Texas Insurance Code chapter 541, subchapter B in that they misrepresented to plaintiff that he was eligible for coverage under policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

52. The aforementioned defendants' acts or practices were a producing cause of plaintiff's actual damages: loss of occupational accident benefits.

## J. COUNT 6 – FRAUD BY NONDISCLOSURE

53. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

54. The defendants concealed or failed to disclose to plaintiff that they did not consider him to be eligible for coverage under insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

55. The defendants owed plaintiff a duty to disclose that they did not consider him to be eligible for coverage under insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

56. The fact that the defendants did not consider plaintiff to be eligible for coverage under insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC was material. Plaintiff would not have purchased the Truckers Occupational Accident Insurance policy 216-001-183 from the defendants if plaintiff had known that it would not provide him coverage were he involved in an accident such as the accident of July 31, 2013.

57. In selling plaintiff the Truckers Occupational Accident Insurance policy 216-001-183, the defendants knew that plaintiff was ignorant of the fact that plaintiff would not be eligible for benefits under insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC, as the policy specifically described him as an independent contractor of defendant Lessley Services LLC.

58. In accepting plaintiff's monthly premium payments, the defendants knew that plaintiff was ignorant of the fact that plaintiff would not be considered eligible for coverage under insurance policy 216-001-183 as an independent contractor of defendant

Lessley Services LLC, as the policy specifically stated that he was an independent contractor of defendant Lessley Services LLC.

59. Defendants further knew that plaintiff would not have an equal opportunity to discover that he was not covered by the policy unless and until he was involved in an accident.

60. The defendants were deliberately silent when plaintiff purchased the Truckers Occupational Accident Insurance policy 216-001-183. Defendants, as fiduciaries, had a duty to inform plaintiff of the material fact that he would not be covered as an independent contractor of defendant Lessley Services LLC under the policy. Defendants also had a duty to disclose this material fact because they made a representation to plaintiff that created a substantially false impression – that plaintiff would be covered under the Truckers Occupational Accident Insurance policy number 216-001-183 as an independent contractor of defendant Lessley Services LLC.

61. The fact that defendants would not provide coverage to plaintiff under the Truckers Occupational Accident Insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC is material. It was important to plaintiff that he receive the coverage afforded by the policy, otherwise he would not have purchased the policy.

62. The defendants intended for plaintiff to rely on their omission and/or concealment that plaintiff was not considered an independent contractor of defendant Lessley Services LLC and would not be covered by policy number 216-001-183. The

defendants knew that the plaintiff would not have purchased the policy if it did not provide coverage when he was injured in an accident while driving for defendant Lessley Services LLC, as that was plaintiff's purpose in obtaining the policy.

63. Plaintiff relied on the omission and/or concealment of the defendants that he was not an independent contractor of defendant Lessley Services LLC and would not be covered by policy number 216-001-183. Plaintiff purchased the policy for the purpose of obtaining coverage should he be injured in an accident while driving for defendant Lessley Services LLC. If plaintiff had known that he would not be covered by the policy as an independent contractor for defendant Lessley Services LLC, as stated in the policy, he would not have purchased that policy.

64. The defendants' nondisclosure caused plaintiff's injury: loss of occupational accident benefits.

## K.   COUNT 7 – FRAUDULENT MISREPRESENTATION

65. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

66. Defendants made misrepresentations and omissions of material facts to Plaintiff regarding Plaintiff's coverage under policy number 216-001-183 as an independent contractor of defendant Lessley Services LLC. These representations were material and induced Plaintiff to purchase the insurance policy. Had plaintiff known the true facts, he would not have purchased the insurance policy. Had plaintiff known the true facts, he would not have made monthly premium payments on the policy.

67. Defendants' representations as to plaintiff's eligibility for Truckers Occupational Accident Insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC was false and intended to induce plaintiff to purchase the policy. Defendants knew that their representations were false when they were made, or, in the alternative, defendants made these representations without any regard for their truth. Defendants intended that plaintiff rely on their misrepresentations and/or omissions. The conduct of defendants was such as to rise to the level of fraud.

68. Plaintiff had no knowledge of the falsity of the defendants' representations and omissions of material facts. Plaintiff reasonably and justifiably relied upon the representations or omissions of defendants in deciding to purchase insurance policy 216-001-183.

69. The defendants' representation caused plaintiff's injury: loss of occupational accident benefits.

### L.  COUNT 8 – NEGLIGENT MISREPRESENTATION

70. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

71. The defendants, in the course of selling a Truckers Occupational Accident Insurance policy to plaintiff, represented to plaintiff that he was covered under Truckers Occupational Accident Insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

72. Defendants representations that plaintiff was covered under the policy as an independent contractor of defendant Lessley Services LLC were false and at the time the representation was made, defendants knew it to be false. The defendants made the false representation with the intent of inducing plaintiff to purchase the insurance policy.

73. The defendants did not exercise reasonable care or competence in obtaining or communication the information to plaintiff that he would not be covered as an independent contractor of defendant Lessley Services LLC.

74. Plaintiff justifiably relied on the false representations of the defendants that he was covered under Truckers Occupational Accident Insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC and was induced to purchase the policy believing he would be covered in case of an accident.

75. Plaintiff justifiably relied on the false representations of the defendants that he was covered under Truckers Occupational Accident Insurance policy 216-001-183 as an independent contractor of defendant Lessley Services LLC and was induced to make monthly premium payments on the policy.

76. Defendants' negligent misrepresentations proximately caused the plaintiff's injury; loss of occupational accident benefits.

77. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

### M. Count 9 - Promissory Estoppel

78. In the alternative to Counts 1 to 1 through 8, defendant made a promise to plaintiff that defendant did not keep.

79. The defendants made representations to plaintiff that he was eligible for coverage under Truckers Occupational Accident Insuarnce policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

80. In purchasing policy 216-001-183, plaintiff reasonably and substantially relied on the defendants' promises that he was covered under the policy as an independent contractor of defendant Lessley Services LLC. Had plaintiff known he would not be covered by the policy if he was injured in an accident while driving to pick up a load for defendant Lessley Services LLC, he would not have purchased the policy or paid the monthly policy premiums.

81. The defendants should have reasonably expected that plaintiff would rely on their promises that he was covered by the policy when he purchased the policy and paid the monthly premiums therefore are estopped from denying the enforceability of their promises.

82. Injustice will only be avoided by the enforcement of the defendants' promise to plaintiff that he was covered under policy 216-001-183 as an independent contractor of defendant Lessley Services LLC.

### K. Jury Demand

83. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### M. Request for Disclosure

84. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### N. Prayer

85. For these reasons, plaintiff asks that the court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

    a. Actual damages.

    b. Prejudgment and postjudgment interest.

    c. Court costs.

    d. Attorney fees.

    e. Mental Anguish.

    f. Exemplary Damages.

    e. All other relief to which plaintiff is entitled.

/s/ Lynne Kurtz-Citrin
The Traub Law Office, P.C.

Lynne Kurtz-Citrin
Texas Bar No.24081425
7719 Wood Hollow Drive
Suite 200
Austin, Texas 78731
Tel. (512) 246-9191
Fax (512) 369-3091
lynne@austinaccidentlawyer.com

**ATTORNEY FOR PLAINTIFF,
AUBREY LEE MAYES**