IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| Aubrey Lee Mayes, | § | |
|---|---|---|
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-355 |
| | § | |
| OneBeacon America Insurance | § | |
| Company, Kunkel & Associates, Inc., | § | |
| Atlantic Specialty Insurance | § | |
| Company, Brentwood Services | § | |
| Administrators, Inc. and Lessley | § | |
| Services, LLC, | § | |
| *Defendants* | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff files this motion to remand under 28 U.S.C. §1447(c).

### A. Introduction

1. Plaintiff is Aubrey Lee Mayes; defendants are OneBeacon America Insurance Company, Kunkel & Associates, Inc., Atlantic Specialty Insurance Company, Brentwood Services Administrators, Inc. and Lessley Services, LLC.

2. On March 21, 2014, plaintiff sued defendant for breach of contract, breach of fiduciary duty, breach of insurer's duty of good faith and fair dealing, breach of warranty, deceptive insurance practices, fraud by non-disclosure, fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel in the 277th Judicial District Court of Williamson County, Texas.

3. Plaintiff was severely injured and disabled as a result of a truck wreck. At the time he was injured, he worked for Boggy-Creek Transportation, Inc. Boggy-Creek was a subcontractor

of Defendant Lessley Services, LLC. Lessley Services, LLC required Boggy-Creek to purchase disability insurance for Boggy-Creek drivers. The disability policy was issued by defendant OneBeacon American Insurance Company and administered by Defendant Atlantic Specialty Insurance Company and was sold by defendant Kunkel & Associates, Inc to Lessley Services, LLC.

4. Every paycheck, monies were deducted from Plaintiff's check and paid to a policy owned by Lessley Services, LLC (policy number 216-001-183). Lessley Services deducted the money to pay for the policy from the monies it owed it subcontractor, Boggy-Creek. Boggy-Creek was required to by the policy in order to become a subcontractor for Lessley Services and was never given a choice on which insurer to use. Lessley Services provided plaintiff with a copy of the administration manual for the policy and, at all times, led Plaintiff to believe he was covered by the policy he was paying for with each paycheck.

5. After his injury, Plaintiff's disability claim was denied because it was alleged he was not a contractor of Lessley Services, LLC. To add insult to injury, Mr. Mayes' payments were kept by defendants.

6. Defendant Onebeacon was served with the suit on March 31, 2014. Defendant Brentwood was served with the suit on April 1, 2014. Defendant Kunkel and Associates was served with the suit on March 26, 2014. Defendant Lessley Services, LLC has not yet been served. Atlantic Specialty has not yet been served.

7. Defendants filed their notice of removal on April 25, 2014 and gave notice to Plaintiff on April 29, 2014.

B.  Argument

8. The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. §1446(a).  28 U.S.C. §1447(c).

9. The court should remand this case to state court because the parties are not diverse.  28 U.S.C. §1332(a); *see Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). Although several of the companies are not incorporated in Texas nor do they maintain their principle place of business in Texas, all of them do business in Texas and one of them does maintain it principle place of business in Texas and is also incorporated in Texas – Lessley Services, LLC.

10. Defendants contend that Lessley Services, LLC was fraudulently joined in an attempt to defeat diversity of jurisdiction.  Defendants allege that Mayes is unable to establish a cause of action against Lessley Services, LLC in state court.  Defendants must prove there is no possibility of recovery by Mayes against Lessley Services, LLC.  As stated in Defendants' motion, there only needs to be a reasonable basis for predicting that Texas law would allow recovery in order to defeat their motion.

11. Plaintiff properly joined Lessley Services, LLC, a local defendant.  *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  Plaintiff joined Lessley Services, LLC because it was directly involved in the transactions which defrauded Mr. Mayes – either the other defendants are at fault or Lessley Services, LLC is at fault.  Here are the causes of action for which there is a reasonable basis to predict that Texas law would allow recovery for Mr. Mayes:

- Fraud – Lessley Services, LLC directly withdrew money from payments to Boggy-Creek Transportation and/or Plaintiff in exchange for a promise of disability insurance coverage. Lessley Services, LLC required Mr. Mayes and other Boggy-Creek employees to carry disability coverage under Lessley Services, LLC's policy as a condition of doing business with Lessley Services. Lessley Services, LLC was at all times aware that Mr. Mayes was an employee of Boggy-Creek Transportation and knew Mr. Mayes would seek coverage if injured under the very policy he was paying for. Yet, when the claim was made, it was denied because Mr. Mayes is an employee of Boggy-Creek.

- Theft – Lessley Services, LLC directly withdrew money from payments to Boggy-Creek Transportation and/or Plaintiff in exchange for a promise of disability insurance coverage. When Mr. Mayes' policy claim was rejected, Lesley Services, LLC did not refund Mr. Mayes or Boggy Creek the premiums it and he had paid Lessley Services for the policy coverage.

- Breach of Contract – Lessley Services, LLC hired Boggy Creek Transportation and Boggy Creek's employees to deliver goods for them. Each driver had to fill out an application for disability benefits and to make payments for those benefits as a condition of doing business with Lessley Services. Lessley Services deducted the premiums and provided the drivers with documents showing coverage. As part of the agency contract, Lessley Services required the drivers to pay premiums in exchange for coverage under Lessley Services disability policy. Lessley Services

breached the agreement to provide the coverage the Boggy-Creek drivers had been paying for.

- Negligence – Lessley Services, LLC directly withdrew money from payments to Boggy Creek Transportation and/or Plaintiff in exchange for a promise of disability insurance coverage. The coverage promised by Lessley Services was denied when the claim was made, with the other defendants claiming Mr. Mayes did not meet the definition of independent contractor under the terms of the policy. Thus, Lessley Services, LLC failed to procure a policy which it had led Mr. Mayes to believe he was covered under, either by fraud or negligence. Even though Lessley Services, LLC didn't issue the policy, it did required Mr. Mayes to purchase it and acted as a middle-man in procuring the policy, collecting premiums, and (on information and belief) forwarding the payments to Onebeacon. This is similar to the case of *Jack Criswell Lincoln Mercury, Inc. v. Tsichlis*, 549 S.W.2d 255 (Tex.Civ.App.Beaumont 1977), where a corporate dealership agreed to procure insurance for the plaintiff but failed to procure the insurance. The only difference here is that Lessley Services, LLC procured the insurance but it was meaningless as there was no coverage.

- Negligence misrepresentation and/or fraud by non-disclosure. Lessley Services, LLC represented to Mr. Mayes that he was covered in the case of an injury while working should he be disabled. Lessley Services required Mr. Mayes and Boggy Creek Transportation to buy and pay for coverage through the other defendants. Lessley Services committed fraud by non-disclosure because it did not disclose that Mr.

Mayes was buying a policy with no coverage and/or Lessley Services negligently misrepresented to Mr. Mayes that he would be covered.

- Promissory Estoppel – Lessley Services, LLC directly withdrew money from payments to Boggy Creek Transportation and/or Plaintiff in exchange for a promise of disability insurance coverage. Lessley Services required Mr. Mayes to carry disability insurance under its policy with Onebeacon. It knew Mr. Mayes was an employee of Boggy Creek. It collected premiums from Mr. Mayes. Since Lessley Services, LLC represented that Mr. Mayes was covered under their policy and for which he made payments to, Lessley Services promise of coverage to Mr. Mayes should be enforced.

- The Texas Insurance Code states that the following constitutes the business of insurance in Texas:

    o Receiving or collecting any consideration for insurance, including a premium. Section 101.051(b)(4)

    o Delivering an insurance contract to a resident of Texas. Section 101.051(b)(5)

    o Additionally, directly or indirectly acting as an agent for or otherwise representing or assisting an insurer or person in soliciting, procuring, or effectuating insurance, forwarding an insurance application, or assisting an insurer in any other manner in the transaction of insurance with respect to a subject of insurance that is a resident, located, or to be performed in Texas. Section 101.051(b)(7)

Since Lessley Services, collected the premiums from Boggy Creek and paid them to the other defendants, Lessley Services engaged in the business of insurance. Lessley Services also directly or indirectly acted as an agent when it assisted Kunkel to procure the contracts from the Boggy Creek employees. Lessley Services required Boggy Creek and its employees to make premium payments towards the policy issued by OneBeacon. Mr. Mayes was not given the opportunity to shop for a competing service or obtain coverage somewhere else. Lessley Services delivered the applications for the insurance to Boggy Creek and its employees. Lessley Services engaged in the business of insurance.

A person, including an insurer, may not directly or indirectly do an act that constitutes the business of insurance under this chapter except as authorized by statute. Section 101.102.

Under Section 101.201 of the Texas Insurance Code, Lessley Services is liable to Mr. Mayes for the full amount of the claim or loss under the terms of the contract and attorneys' fees.

Under Section 541.061 (found in Subchapter B) Lessley Services may be liable for misrepresenting an insurance policy.

Section 541.151 specifically allows a private action for damages for engaging in an act or practice found in Subchapter B or Section 17.46(b) of the Business & Commerce Code.

- Violation of the Texas Deceptive Trade Practices Act as codified in Section 17 of the Business and Commerce Code which prohibits, among other things, causing confusion or misunderstanding as to the approval of goods or services [17.46(b)(2)], representing that goods or services have … characteristics … benefits … which they do not have … [17.46(b)(5)].

### C. Conclusion

7. There is a reasonable basis for predicting that Texas law would allow recovery against Lessley Services under any of the following theories: fraud, theft, breach of contract, negligence, negligent misrepresentation, fraud by non-disclosure, promissory estoppel, violation of the Texas Insurance Code, and/or violation of the Texas Deceptive Trade Practices Act. For these reasons, plaintiff asks the court to grant the motion to remand, remand this suit to the state court where it was originally filed, and award plaintiff its court costs, expenses, and attorney fees.

Respectfully submitted,

By: /s/ Andrew Traub
Andrew Traub
The Traub Law Office, P.C.
7719 Wood Hollow Drive
Suite 200
Austin, TX 78731
andrew@austinaccidentlawyer.com
Tel. (512) 246-9191
Fax (512) 369-3091

ATTORNEY IN CHARGE FOR
PLAINTIFF, AUBREY LEE MAYES

CERTIFICATE OF SERVICE


I certify that on May 2, 2014 a true and correct copy of Plaintiff's Motion to Remand was served to each person listed below by the method indicated.


/s Andrew Traub
Andrew Traub

 Defendant, One Beacon America Insurance Company and Brentwood Services Administrators, Inc., through counsel of record, Barry G. Flynn, 1900 West Loop South, Suite 1000, by telephonic document transfer to fax number (713) 961-3938, on May 2, 2014.

 Defendant, Kunkel & Associates, Inc., through counsel of record, Rick Oldenettelle, 210 Bering Drive, Suite 675, Houston, TX 77057, by telephonic document transfer to fax number (713) 622-5161, on May 2, 2014.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Aubrey Lee Mayes, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-355 |
| | § | |
| OneBeacon America Insurance | § | |
| Company, Kunkel & Associates, Inc., | § | |
| Atlantic Specialty Insurance | § | |
| Company, Brentwood Services | § | |
| Administrators, Inc. and Lessley | § | |
| Services, LLC, | § | |
| *Defendants* | § | |

ORDER ON PLAINTIFF'S MOTION TO REMAND

After considering plaintiff Aubrey Lee Mayes' motion to remand, the response, and the notice of removal, the court FINDS that there is a reasonable basis to predict that Texas law would allow recovery against Lessley Services, LLC.

REMANDS this case to the 277th Judicial District Court of Williamson County, Texas.

ORDERS that defendant, Onebeacon America Insurance Company, pay plaintiff's court costs, expenses, and attorney fees in the amount of $500.

SIGNED on _____, 2014.

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:


/s/ Andrew Traub
Andrew Traub