IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **AUBREY LEE MAYES,** § | | |
| § | | |
| § | | |
| **V.** § | A-14-CV-355-LY | |
| § | | |
| **ONEBEACON AMERICAN** § | | |
| **INSURANCE, KUNKEL & ASSOC.,** § | | |
| **INC., ATLANTIC SPECIALTY** § | | |
| **INSURANCE COMPANY, BRENTWOOD** § | | |
| **SERVICES ADMINISTRATORS, INC.,** § | | |
| **and LESSLEY SERVICES, LLC** § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Memorandum in Support of Motion to Remand (Dkt. No. 5); and Defendants' Response (Dkt. No. 6). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Plaintiff Aubrey Lee Mayes ("Mayes") was a truck driver employed by Boggy Creek Transportation. Petition at ¶ 13. Defendant Lessley Services, LLC, is a Texas corporation. *Id.* at ¶ 7. Boggy Creek Transportation was a contractor of Defendant Lessley Services, LLC. *Id.* at ¶ 24. Lessley Services, LLC, required Boggy Creek Transportation and its employees to obtain a Truckers Occupational Accident Insurance policy through OneBeacon American Insurance Company in order to perform work for Lessley Services, LLC. *Id.* at ¶ 25. OneBeacon America Insurance Company

and/or Atlantic Specialty Insurance Company executed a written insurance policy for Truckers Occupational Accident Insurance, Policy No. 216-001-183. *Id.* at ¶ 10. That contract provided that Mayes was eligible for coverage as a full-time independent contractor of Lessley Services, LLC. *Id.* Mayes paid premiums for Policy No. 216-001-183, which he alleges were deducted from his paycheck. On July 31, 2013, while on his way to pick up a load for Lesley Services, LLC, Mayes was injured and rendered disabled when his tractor-trailer was struck by another tractor-trailer. *Id.* at ¶ 14. He submitted an Occupational Accident claim pursuant to Policy No. 216-001-183. *Id.* at ¶ 25. OneBeacon America Insurance Company and/or Atlantic Specialty Insurance Company denied the claim based upon the fact that he was an employee of Boggy Creek Trucking and not an independent contractor of Lessley Services, LLC. *Id.* at ¶ 16.

This case was originally filed in the 277th Judicial Court in Williamson County, Texas. Defendants removed to federal court on the basis of diversity on April 25, 2014. Plaintiff Mayes now moves to remand asserting that Lessley Services, LLC, is a non-diverse party. Defendants respond that Lessley Services, LLC, is improperly joined in this case, as Mayes cannot state a viable claim and has misstated facts in support of its claims against Lessley Services, LLC.

## III. ANALYSIS

The parties' main dispute focuses on whether Lessley Services, LLC, is a proper party to this lawsuit. Federal removal statutes allow for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir.2008) (citation omitted). Moreover, under 28 U.S.C. § 1441(b),

a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Therefore, the removal statute is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281–82. Moreover, in determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Under Fifth Circuit precedent, there are two ways in which a party may establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. Defendants assert that Mayes has both fraudulently pled jurisdictional facts and is unable to establish a cause of action against Lessley Services, LLC, in state court.

In determining whether Lessley Services, LLC has been improperly joined, this Court considers whether Lessley Services, LLC has demonstrated that there is no possibility of recovery by Mayes against it, which, stated differently, means that there is no reasonable basis for the district

court to predict that Mayes might be able to recover against Lessley Services, LLC. *Id.* "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (internal citations and quotations omitted) (emphasis in original).To predict whether Mayes has a reasonable basis of recovery under state law, the Court can "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against [Lessley Services, LLC]" or it may "in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. The Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to [movant]." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In this case, all of Mayes' claims arise out of Mayes' lack of insurance coverage for his July 31, 2013, accident. Mayes asserts that Lessley Services, LLC, is properly joined in this cause of action because his Original Petition states claims for: negligent misrepresentation; promissory estoppel; fraud; breach of warranty; breach of fiduciary duty; and breach of contract.[1] Defendants assert that Mayes cannot make out these claims against Lessley Services, LLC, because he cannot

---

[1] In his Original Petition Mayes brings various claims against Lessley Services, LLC, asserting that Lessley Services, LLC: breached its contract with Mayes because the policy in issue was sold for the benefit of Lessley Services, LLC; owed a fiduciary benefit to Mayes because it acted as his agent in requiring him to buy a certain insurance policy covering independent contractors, and breached its fiduciary duty to him by requiring him to buy a policy that did not in fact cover him; committed breach of warranty, when it represented to Mayes that he was eligible for benefits under the policy; committed fraud when it represented to Mayes that he was covered under that policy as an independent contractor of Lesley Services, LLC; committed fraud by non-disclosure for failing to disclose to Mayes that he was not eligible for coverage under the policy; was negligent in representing to Mayes that he was covered under the policy; and promissory estoppel. *Id.* at ¶¶ 29-77. The Court only addresses the claims that support Mayes' Motion to Remand.

show a contractual or other fiduciary relationship between himself and Lessley Services, LLC, and that at all times Mayes was aware that he was an employee of Boggy Creek Transportation and not an independent contractor of Lessley Services, LLC.

In order to plead a claim for negligent misrepresentation Mayes must assert: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *see also* RESTATEMENT (SECOND) OF TORTS § 552 (1977). Similarly, the requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). To recover on a fraud claim, a party must prove the following elements: (1) that a material representation was made; (2) that it was false; (3) that, when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that the speaker made the representation with the intent that it be acted upon by the other party; (5) that the party acted in reliance on the representation; and (6) that the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (orig.proceeding); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992).

Further, fraud by non-disclosure requires a showing that: (1) the defendant failed to disclose facts to the plaintiff; (2) the defendant had a duty to disclose those facts; (3) the facts were material; (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiffs did not have an equal

opportunity to discover the facts: (5) the defendant was deliberately silent when it had a duty to speak; (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (7) the plaintiff relied on the defendant's non-disclosure; and (8) the plaintiff was injured as a result of acting without that knowledge. *Douglass v. Beakley*, 900 F.Supp.2d 736, 750 (N.D. Tex. 2012) (internal citations omitted). To recover on a non-disclosure claim, Mayes must establish a duty to disclose. *Coburn Supply Co., Inc. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003). A duty to disclose may arise in four situations under Texas law: (1) when there is a confidential or fiduciary relationship; (2) when one voluntarily discloses information, he has a duty to disclose the whole truth; (3) when one makes a representation, he has a duty to disclose new information when he is aware the new information makes clear the earlier representation misleading or untrue; and (4) when one makes a partial disclosure and conveys a false impression, he has a duty to speak. *Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, No. 3:08–CV–0102–B, 2008 WL 3925272, at *12 (N.D. Tex. Aug. 27, 2008) (internal quotations omitted).

Defendants assert that Lessley Services, LLC, did not owe any duties to Mayes. Mayes asserts that Lessley Services, LLC, had a fiduciary duty to him and a duty to disclose certain facts about non-coverage under the policy. Mayes pleads that Lessley Services, LLC, required Boggy Creek Transportation to purchase disability insurance for Boggy Creek drivers from OneBeacon America Insurance Company and/or Atlantic Specialty Insurance Company as a condition of doing business with Lessley Services, LLC. Petition at ¶30. Mayes alleges that Lessley Services LLC, provided Mayes with a copy of the administration manual for the policy and "led Plaintiff to believe that he was covered by the policy he was paying for with each paycheck." Motion at ¶ 4. Mayes

6

asserts that Lessley Services, LLC, promised him disability coverage while at all times aware that he was an employee of Boggy Creek Transportation and not an independent contractor and therefore not covered under the language of the policy. *Id.* at ¶39. Mayes alleges that Lessley Services, LLC, failed to disclose to Mayes that he was not in fact eligible for coverage under the policy he had purchased at Lessley Services, LLC's behest, when it knew he was ignorant of the lack of coverage. *Id.* at ¶¶ 54-57, 60. Mayes further pleads that he justifiably relied on the representation that he was covered by the policy and therefore failed to obtain other insurance which caused him harm.

The Court finds that Mayes has adequately pled a duty to disclose. By requiring Mayes to purchase the policy in issue, and assuming for the sake of this motion that Lessley Services, LLC, was aware that Mayes was not in fact covered under the policy while representing to him that he was, the Court finds that Mayes has adequately pled that Lessley Services, LLC had a duty to disclose the non-coverage to him.

"Both fraud and negligent misrepresentation require that the plaintiff show actual and justifiable reliance." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). Defendants assert that Mayes cannot show that he justifiably relied on any representations or promises that he was covered by the policy, because he has admitted that he was an employee of Boggy Creek Transportation and not an independent contractor. Justifiable reliance is less strict than the objective reasonable man standard. *Field v. Mans*, 516 U.S. 59, 70-71 (1995) (quoting the Restatement (Second) of Torts) ("although the plaintiff's reliance on the misrepresentation must be justifiable . . . this does not mean that his conduct must conform to the standard of the reasonable man. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a

community standard of conduct to all cases."). Reliance is justified "if its falsity is not ascertainable upon a cursory examination or investigation." *Jacobson v. Ormsby (In Re Paul C. Jacobson)*, No. 04–51572–RBK, 2007 WL 1644346, at *12 (W.D. Tex. June 5, 2007) (citing *Field*, 516 U.S. at 71) (emphasis added). In other words, justifiable reliance does not impose a duty to investigate unless the falsity of the representation is readily apparent or obvious, or there are "red flags" indicating that reliance is unwarranted. *AT & T Universal Card Servs. v. Mercer (In Re Mercer)*, 246 F.3d 391, 403 (5th Cir. 2001).

In this case, Mayes has pled that he was required to buy specific insurance in order to perform services for Lessley Services, LLC, that he paid for the policy, and was led to believe that he qualified for coverage under that policy. His reliance was reasonably justified and his lack of knowledge of the implications of his status as an "employee" or "independent contractor" was not unreasonable in light of Lessley Services, LLC's requirement that he buy the policy and the other Defendants' willingness to sell him the policy.

The Court finds that Mayes has adequately pled claims for negligent misrepresentation, fraud, and promissory estoppel under Texas law. Since the Court finds that Mayes has a reasonable possibility of recovery on these claims under Texas law, the Court further finds Lessley Services, LLC, is properly joined as a defendant in this cause of action and that the case is properly remanded to state court for lack of complete diversity between the parties.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand (Dkt. No. 5) and **REMAND** this case to the 277th Judicial Court in Williamson County, Texas.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of July, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE